**STATE FARM FIRE & CASUALTY COMPANY, Appellant,**

v.

**Charles and Ilene POWELL, Respondents.**

No. 9806.

Missouri Court of Appeals, Springfield District.

Oct. 30, 1975.

Albert C. Lowes, David G. Beeson, Buerkle, Buerkle & Lowes, Jackson, for appellant.

Weber Gilmore, Gilmore & Gilmore, Sikeston, for respondents.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

This is an appeal from dismissal of an action for a declaratory judgment in which plaintiff State Farm Fire and Casualty Company sought to have an insurance policy issued to defendants Charles and Ilene Powell declared void because of alleged material misrepresentations in the application for the policy. Plaintiff contends the trial court's dismissal was an abuse of discretion and once having assumed jurisdiction the circuit court was duty-bound to rule the issues. We modify the judgment to specify the dismissal to be without prejudice and as so modified affirm.

Trial was to the court sitting without a jury. Plaintiff's evidence tended to show that its policy, insuring personal property, inter alia, against burglary, was issued to defendants by reason of false answers to questions contained in the application for the policy. Defendants' evidence tended to show that plaintiff's agent was fully advised of a prior fire loss and policy cancellation of defendants and defendant Charles Powell signed the application in blank in the agent's office. Shortly after the issuance of the policy defendants made claim

for loss by reason of a burglary. Several months later plaintiff filed this action, and thereafter defendants instituted a separate suit against plaintiff to recover under the policy.

The trial judge made and entered findings of fact and conclusions of law in which he determined the dispute between the parties involved a fact issue which should be decided by a jury and plaintiff had an adequate legal remedy, defensively, in the pending suit brought by defendants. Judgment of dismissal followed.

Initially, we observe that in its brief the plaintiff charges the trial court "ducked the issues", "shirked its duty", and "passed the buck". Such vitriolic utterings leveled against a learned and experienced trial judge have no place in an appellate brief and, while shedding heat, cast no light on the matters for review. True, judges are not immunized against error, but castigation of the type quoted is hardly a vaccine.

■ As noted, plaintiff contends the trial court, once it had assumed jurisdiction and heard evidence, was precluded from dismissing the action. However, we believe our Supreme Court fully refuted plaintiff's position in *City of Joplin v. Jasper County*, 349 Mo. 441, 161 S.W.2d 411 (1942), wherein it stated at 414:

> "One section of the act [now Rule 87.07] provides as follows: 'The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.' This section contemplates that when '*the court has heard all of the facts and has considered all of the legal relations of the parties, it may then refuse to render a declaration of rights* if it seems to the court that the basis for relief has been insufficiently established in the exercise of a sound judicial discretion.'" (emphasis added).

■ Plaintiff next asserts Rule 87.07 must be interpreted to mean that a circuit court can dismiss an action for declaratory judgment *only* if a declaration "would not terminate the uncertainty or controversy giving rise to the proceeding." Plaintiff cites no cases where this reading of Rule 87.07 (or of § 6 of the Uniform Declaratory Judgments Act which is identical in wording, § 527.060, RSMo 1969) has been adopted, and we find his point to be without merit. Declaratory judgment is to a large extent a discretionary remedy [see generally, E. Borchard, Declaratory Judgments, 293–315 (2d ed. 1941); W. Anderson, Actions for Declaratory Judgments §§ 382–400 (2d ed. 1951)]; and Missouri courts, like those of most other jurisdictions, have declined to apply the theory exclusio unius est inclusio alterius to Rule 87.07 and recognize that dismissal may be granted on other grounds including availability of an adequate remedy at law and the absence of a justiciable issue. See *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Harris v. State Bank & Trust Co. of Wellston*, 484 S.W.2d 177 (Mo.1972); *State ex rel. U. S. Fire Ins. Co. v. Terte*, 351 Mo. 1089, 176 S.W.2d 25 (banc 1943); *Glick v. Allstate Ins. Co.*, 435 S.W.2d 17 (Mo.App.1968); and cases cited at Uniform Declaratory Judgments Act (U.L.A.) § 6.

Having determined that the circuit court has discretionary power to deny declaratory relief where such remedy is inappropriate, we now consider plaintiff's claim the trial court abused its discretion in this case. The trial court gave two reasons for its dismissal: 1) factual issues had been raised which should be decided by a jury, and 2) plaintiff had an adequate remedy at law, defending in defendants' action to recover under the policy.

■ The circuit court was incorrect in its assumption that existence of factual issues justified dismissal of an action for declaratory relief. It is well settled that, where necessary to declare legal rights, factual issues may be determined in a declaratory

judgment action and a jury may be used for this purpose if requested by either party. Rule 87.06, *State ex rel. U. S. Fire Ins. Co. v. Terte*, supra; *M. F. A. Mut. Ins. Co. v. Quinn*, 259 S.W.2d 854 (Mo.App.1953); *Crollard v. Northern Life Ins. Co.*, 240 Mo.App. 355, 200 S.W.2d 375 (1947).

■ However, we conclude the second reason given by the trial court, that plaintiff could obtain adequate relief by raising the alleged invalidity of the insurance policy as a defense in defendants' action at law, is sufficient justification for dismissal of this declaratory judgment action. This issue was considered in a similar factual situation by our Supreme Court in *State ex rel. U. S. Fire Ins. Co. v. Terte*, 351 Mo. 1089, 176 S.W.2d 25 (banc 1943). Although Judge Terte had stayed the declaratory judgment action in that case pending the outcome of defendant's subsequently filed action to recover under the insurance policy, the practical effect of his action was to deny declaratory relief. Hence, we believe the Supreme Court opinion is equally applicable to dismissal of the action and quote from it at length:

"In the present instance both actions are pending in our state circuit courts, which are in the same sovereignty and have coordinate jurisdiction. In these, ordinarily the second action in point of filing and service of process would be subject to abatement . . . . But, while authorities on the point are rare or non-existent in Missouri, we have no doubt that respondent had the discretionary power to stay proceedings in the declaratory proceeding pending before him, awaiting the determination of defendant Hunt's subsequent action on the policy . . . . .

\* \* \* \* \* \*

"So, likewise, Borchard, Declaratory Judgments (2 Ed.), p. 303, declares: 'Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary to appear as an equitable actor and start the proceedings

for an autonomous declaration that he has a good defense to his opponent's pending or imminent action. But where the facts do not show such imminence of suit, or where there is a practical ground for permitting a party . . . to claim and obtain exoneration from a judicial proceeding, there is no reason why the courts should not take cognizance'—of a declaratory action covering the same issues. . . .

"There is no doubt in our minds that judicial discretion to stay relief in a suit for a declaratory judgment because of another action pending, may take cognizance of subsequent as well as prior executory actions between the same parties on the same issues, where the latter were naturally in contemplation when the declaratory suit was brought and were actually pending before it was heard. It seems clear also that that discretion may consider public policy and interest, efficiency, convenience, economy and good or bad faith of the party bringing the declaratory action. This latter has been expressly held. In considering the convenience of the declaratory action such facts have been consulted even as the relative distances of the parties and witnesses from the two places of trial. The most important factors under the specific terms of the statutes . . . are: (1) Whether the plaintiff in the suit for declaratory relief is in a position of uncertainty and insecurity; (2) whether the suit will terminate the uncertainty and insecurity as effectually as the other action; (3) and by no means least, whether public policy and interest will be served.

"On the first two of these points, in the instant case the [plaintiff's] suit merely tenders the single issue of fact . . . . . No ambiguity in the policy is claimed by either party. If relator was involved in insecurity or uncertainty it was the veriest minimum that would be present whenever the relator disputed liability on any such policy. No fact is disclosed indicating the insured intended to leave rela-

tor suspended in uncertainty by failing to assert her claim. And when the relator brought its suit the issue was tendered in such manner that it would terminate the controversy only if the suit was decided in favor of relator. If the trial court should decide relator is liable on the policy, defendant Hunt would still be compelled to enforce that liability, both on the policy and for vexatious delay, in her separate . . . action; or by cross-action in the declaratory suit in a forum selected by relator. We do not say relator had no right to bring its suit that way, or that respondent did not have jurisdiction of it; but we do hold respondent could take these facts into consideration on the motion to stay proceedings, as well as relator's good faith.

"On the matter of public Policy. In *Assoc. Indem. Corp. v. Wachsmith*, 2 Wash.2d 679, 99 P.2d 420, 422, 127 A.L.R. 531, the first suit brought was one for a declaratory judgment in the state court, the insurer countering with a subsequent action for direct relief in the Federal court. The decision vigorously asserted that if declaratory suits could be thus 'shunted into the discard' by the subsequent bringing of an executory or coercive action, 'the declaratory judgments act is more of a joke than an important and effective part of the law of the state.' This, of course, would be true where the second action is filed in bad faith, or merely for strategic or obstructive purposes without any real uncertainty or insecurity. But on the other hand, if our practice is to degenerate into a contest of speed, a race to the court house to get one or the other case filed first, the wholesome and ameliorative remedy by declaratory judgment will be prostituted to uses for which it never was intended; and the opportunity for calm negotiation between the parties, with a view to dispensing with litigation in the case, will be destroyed. See Borchard, Declaratory Judgments 2d Ed., pp. 312, 653." 351 Mo. at 1097–99, 176 S.W.2d at 30–31 (footnotes omitted).

Finally we note that "any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03. In order to avoid possible confusion concerning the res adjudicata effect of the judgment in this case, we modify the judgment to specify the dismissal to be without prejudice and as so modified affirm it.