**MISSOURI PROPERTY INSURANCE PLACEMENT FACILITY, Plaintiff-Respondent,**

**v.**

**Ora L. McROBERTS and Clarissa J. McRoberts, Defendants-Appellants.**

**No. 39381.**

Missouri Court of Appeals, St. Louis District, Division Three.

Nov. 7, 1978.

Raymond Howard, Howard, Singer & Meehan, St. Louis, for defendants-appellants.

Joseph L. Leritz, Kenney, Leritz & Reinert, St. Louis, for plaintiff-respondent.

KELLY, Judge.

The appellants, Ora L. McRoberts and Clarissa J. McRoberts, in this appeal, seek a reversal of a judgment of the Circuit Court of the City of St. Louis in a civil action under the provisions of §§ 527.010–527.140, RSMo. 1969, the Missouri Declaratory Judgment Act and Rule 87.02(a) V.A.M.R., wherein the trial court found that they had failed to comply with the requirements of

the insurance policy in that no written notice of loss was given by them to the respondent as required by the policy of insurance and that such failure prejudiced the respondent in the investigation and handling of their claim, and dismissed their counterclaim for the loss they sustained. We affirm.

In disposing of appellants' contentions on appeal, we are limited in the scope of review we can afford this appeal by reason of the fact that we have been furnished by the appellant with an abbreviated transcript of the record in the trial court. The transcript filed here consists of the following: (1) the amended petition for declaratory judgment; (2) answer to the preceding petition; (3) defendants' motion for dismissal; (4) a "Memorandum for Clerk" filed on May 26, 1977, denying the appellants' motion to dismiss, entering judgment for the respondents against the appellants, and dismissing appellants' counterclaim; (5) letter to counsel for the parties in the trial court dated May 26, 1977, advising them of the basis for the trial court's decision including findings of fact and conclusions of law drawn from the evidence adduced at trial; (6) the Notice of Appeal; (7) Jurisdictional Statement; and (8) the Certificate of the trial court that this is the true and correct transcript of the pleadings and proceedings, abbreviated as stipulated to by the parties, for review on appeal.

It is from these documents aforesaid that we are able to discern that respondent is an agency organized under the provisions of § 379.810 V.A.M.S. to make insurance available to persons having property in the State of Missouri who are, in good faith, entitled, but who are unable, to procure insurance through ordinary means. The appellants are the named insureds in a policy of insurance providing coverage to them against loss to premises located at 1831 Rauschenbach in the City of St. Louis in the amount of $12,500 against damage due to fire and lightning, extended coverage, and vandalism and malicious mischief, subject to the provisions, definitions, endorsements, conditions, and exclusions in said policy.[1]

The premises of the appellants sustained damage on or about November 30, 1973, by vandalism and they were asserting a claim against the respondent on the insurance policy issued to them on this property by the respondent. According to the First Amended Petition filed by the respondents in the Circuit Court of the City of St. Louis on or about January 13, 1977, and incorporated in the transcript of the record on appeal, the respondent contended that the appellants were not entitled to recover on the contract of insurance aforesaid because they failed to comply with certain requirements of the policy. These requirements were: (1) to give immediate notice in writing to the respondent, (2) protect the property from further damage, (3) furnish a complete inventory of the destroyed, damaged and undamaged property, and (4) to render to the respondent a proof of loss. The respondent sought a declaratory judgment declaring: (1) that the appellants had failed to comply with the requirements of the insurance policy and the respondent was prejudiced in the investigation and handling of the claim, (2) that the premises covered by the policy of insurance were vacant and unoccupied for a period of 30 consecutive days immediately preceding any vandalism or malicious mischief loss, and (3) that the appellants are unable to maintain any suit or action against respondent on the policy of insurance by reason of said loss of November 30, 1973.

The Answer filed by the appellants to the respondent's original petition, on or about October 11, 1976, constituted for the most part a general denial of the allegations contained in the initial petition filed by the respondent, admitting only that they were making a claim against the respondent for

1. Due to the abbreviated nature of the transcript filed in this court we are unable to fix the dates when these documents were filed other than by reference to the certificate of service contained on each. Except as reproduced in the Amended Petition, we are ignorant of the policy provisions necessary to a determination of the issues due to the fact there is no copy of the policy incorporated into the record on appeal.

damages to the premises arising out of vandalism suffered on or about November 30, 1973. (We assume that this Answer was refiled in response to the Amended Petition filed by the respondent, but there is nothing in the transcript in this court to indicate that, other than inclusion of this Answer in the record.)

At some point in time, not apparent in the record on appeal, the appellants filed a "Motion for Dismissal." According to this Motion the appellants filed a cause of action against the respondent on March 3, 1976, alleging its violation of the insurance agreement and prayed for damages. Subsequent to the filing of this cause of action by the appellants, the respondent filed its initial petition in this case on May 4, 1976, seeking a declaratory judgment involving the same controversy. The appellants further alleged in their motion that the respondent's petition stated insufficient facts upon which a declaratory judgment could be rendered, failed to state a justiciable issue, and that the respondent had an adequate remedy at law.

On a date not set out in the transcript the declaratory judgment action came on for trial and evidence was adduced. On May 26, 1977, the trial court filed its decision, and a letter setting out its findings of fact and conclusions of law. A Notice of Appeal from this court tried case was timely filed.

The single issue before us on appeal is whether the trial court abused its discretion in granting a declaratory judgment when there was an action at law pending wherein the appellants were the plaintiffs and the respondent the defendant.[2]

Courts have a wide discretion in administering the Declaratory Judgment Act of this state, but the discretion so exercised must be a sound judicial discretion based on good reason, calculated to serve the purpose for which the legislation was enacted, and calculated to afford relief from uncertainty. *State ex rel. United*

*States Fire Ins. Co. v. Terte*, 351 Mo. 1089, 176 S.W.2d 25, 28[2] (Mo. banc 1943). A ruling or order of a trial court resulting from an exercise of discretion is presumed to be correct and the burden rests upon the complaining party to prove otherwise. *Brown v. Brown*, 495 S.W.2d 89, 92[3] (Mo. App.1973).

We are limited in reviewing appellant's contentions on appeal to those matters presented in the record of proceedings in the trial court. *Baker v. Aetna Casualty & Surety Co.*, 193 S.W.2d 363, 366[1] (Mo. App.1946). The trial court found that it exercised its discretion to proceed with the declaratory judgment action despite the pending action at law to afford the respondents relief from uncertainty and insecurity; the appellants have failed to furnish us with any means whereby we can ascertain that there was no evidence before the trial court to sustain this finding.

We have considered the authorities appellants rely on, but they are inapposite except as to general legal principles applicable to those circumstances where a trial court should proceed with the declaratory judgment action or stay the proceedings until the pending suit at law can be prosecuted to conclusion. The abstention by the trial courts in those cases was held not to be an abuse of the trial court's discretion. *State ex rel. United States Fire Ins. Co. v. Terte*, supra; *State Farm Fire & Cas. Co. v. Powell*, 529 S.W.2d 666 (Mo.App.1975).

What we hold in this case is that we are unable to conclude from the abbreviated transcript on appeal that the trial court abused its discretion in proceeding with this declaratory judgment action while there was an action at law pending wherein the parties sought an adjudication of respondent's liability under the terms of the insurance policy issued to the appellants.

For the foregoing reasons, we affirm the judgment of the trial court.

GUNN, P. J., and WEIER, J., concur.

---

2. Appellant, after the filing of the record on appeal in this court, sought leave to supplement the record on appeal, but this motion was denied. Nevertheless, appellant briefed the issue which would have been presented had the supplement been permitted. We do not reach this point because it is unsupported by anything in the record.