**MILLERS MUTUAL INSURANCE ASSOCIATION OF ILLINOIS, Respondent,**

v.

**Kimberly BABBITT, Appellant.**

**No. WD 42724.**

Missouri Court of Appeals, Western District.

June 5, 1990.

Edward F. Ford, III, Ramsay, Ford and Hiles, Kansas City, for appellant.

W. James Foland, Joseph J. Roper and Thomas A. Sheehan, Shughart, Thomson and Kilroy, P.C., Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

CLARK, Judge.

This is a suit for declaratory judgment in which respondent insurance company obtained a declaration that appellant was not entitled to the benefits of uninsured motorist coverage under respondent's policy. The issue in the case is whether the subject matter of the action was an appropriate cause to be resolved by declaratory judgment.

On May 20, 1987, appellant was involved in an automobile accident while riding as a passenger in a vehicle driven by her husband, Bruce Hammonds. Appellant suffered injuries in the accident and Hammonds was killed. It was claimed by appellant that the accident was caused by the negligence of the driver of a truck that left the scene and was never identified.

The Hammonds vehicle was uninsured. Appellant did not own an insured automobile, but respondent had issued a policy to appellant's father on his vehicles which would extend coverage for appellant's damages if appellant were a resident of her father's household and if the May 20 accident were attributable to the negligence of the driver of a vehicle that left the scene and could not be identified. Upon presentation by appellant of her claim, respondent denied coverage on the grounds that appellant was not a resident of the named insured's household and for the further reason that involvement of a vehicle in the accident other than the Hammonds car was not shown.

On August 31, 1988, respondent filed this suit seeking a declaration by judgment that appellant had no coverage under her father's insurance policy because she ceased to be a member of his household after her marriage and because there was no proof any vehicle other than the Hammonds car was involved in the accident.[1]

Appellant responded to the suit for declaratory judgment by moving for dismissal. The motion asserted lack of subject matter jurisdiction and failure to state a claim. The motion was overruled and appellant then filed her answer and counterclaim. The latter set up the claim of negligence by the unidentified vehicle and driver as the cause of the accident and sought damages for appellant's injuries and also recovery under respondent's medical payment coverage.

1. Some three weeks after this suit was commenced, appellant filed an action in federal court against respondent for damages alleging the negligence of the unidentified motorist. By agreement, prosecution of that action was stayed and, as appears in the summary above, the negligence suit was eventually merged and tried in this case.

The case was tried to a jury. By its verdict, the jury found for appellant on her qualification as a member of her father's household, and therefore her status as an insured under respondent's policy, but it found against appellant on the issue of whether a second vehicle was involved in the accident. Appellant therefore recovered judgment only in the amount of medical payments coverage in the sum of $5000. That result has not been appealed.

The only question presented here is appellant's claim that the trial court erred when it did not sustain her motion to dismiss the declaratory judgment action. To review that issue, we consider the cause in its status when the motion was ruled and therefore disregard the subsequent proceedings, including the questions injected in the case by appellant's counterclaim and possible matters of trial error which have not been asserted.

The primary thrust of appellant's argument on this appeal is the contention that declaratory judgment is inappropriate to decide ultimate fact issues in a tort case. She says that this case should not have been the means whereby a verdict was rendered on the alleged negligence of the unidentified, and presumably uninsured motorist who she contended was the cause of the accident. She cites no authority for the proposition.

Appellant's argument misstates the nature of the case as respects the claim for relief under respondent's petition. As was noted earlier, the petition for declaratory judgment posed no issue concerning liability for negligence, only the question of whether coverage under the policy could be involved. Respondent averred that no second vehicle either struck the Hammonds car or caused it to leave the roadway and therefore the uninsured motorist clause of respondent's policy was not implicated. The issue of whether the driver of such a car was negligent would obviously be preempted by a finding that there was no second car involved, the gist of respondent's policy defense.

■ It is correct that the presence or absence of the so called "phantom vehicle" presented an issue of fact to be decided by a court or jury, but recourse to declaratory judgment is not precluded by the existence of disputed facts. Where necessary to declare legal rights, factual issues may be determined in a declaratory judgment action and a jury may be used for that purpose if requested by either party. *K.D.R. v. D.E.S.*, 637 S.W.2d 691, 694 (Mo. banc 1982).

■ The complaint appellant makes, that this suit should not have adjudicated her claim of negligence on the part of the unknown hit and run driver, is baseless when leveled at the respondent's petition. It was only after appellant presented her counterclaim that an issue of negligence arose. The declaration sought by respondent was that its insurance policy gave no benefits of liability coverage to appellant because there was no second vehicle. Declaratory judgment was appropriate in this regard to settle the policy coverage question and to avoid litigating the issue of negligence if, in fact, no proof of a second vehicle was to be made.

Appellant also argues that her motion to dismiss the declaratory judgment action should have been sustained because respondent had an adequate remedy at law. She contends that in a suit brought by her against respondent as surrogate for the unknown and uninsured motorist, respondent could interpose the defense that no other vehicle was involved in the accident.

■ A ruling or order of a trial court resulting from an exercise of discretion is presumed to be correct and the burden rests upon the complaining party to prove otherwise. *Missouri Property Insurance Placement Facility v. McRoberts*, 598 S.W.2d 146, 148 (Mo.App.1978). The trial court has a considerable measure of discretion in determining whether or not a declaratory judgment action should be entertained. *Campbell 66 Express, Inc. v. Thermo King*, 563 S.W.2d 776, 778 (Mo. App.1978).

■ It is correct, as appellant argues, that the issues of policy coverage and negligence of the alleged hit and run motorist

could have been decided in a single case. In point of fact, they were so decided in this case after appellant chose to add the negligence liability issue by filing her counterclaim. It is, however, no ground for reversible error that the trial court exercised its discretion to entertain the declaratory judgment action. Deference to the trial court's exercise of discretion is appropriate whether the decision be to entertain or to reject the cause.

Appellant cites *State Farm Fire & Casualty Co. v. Powell*, 529 S.W.2d 666 (Mo. App.1975), as authority for her point. In that case, the insurer brought suit for a declaration that a fire insurance policy issued to the Powells was void because of misrepresentations made as inducements to the company to issue the policy. The Powells later brought a separate suit on the policy for a burglary loss. The trial court sustained a motion to dismiss the declaratory judgment suit for the reason, among others, that the company could adequately have the coverage issue decided in the Powells' action to recover for the loss. On appeal, the court held the reason given was sufficient justification for the trial court's dismissal order.

Contrary to appellant's suggestion, the *State Farm* case does not stand for the proposition that dismissal of declaratory judgment is mandated whenever adequate relief may be obtained by the declaratory judgment plaintiff by way of defense in another suit. By definition, discretion to entertain a cause in declaratory judgment presupposes a choice not mandated by a rule of law. Here, the fact that the court could have sustained appellant's motion to dismiss on the same ground applied in *State Farm* and been correct does not mean that a failure to so act was error.

Finally, it appears that any potential error as asserted by appellant was rendered harmless by the submission of her cause for damages to the jury in this case. The point of error argued here is that the issue of negligence on the part of the unidentified motorist should not have been decided in the format of declaratory judgment. As the cause was submitted to the jury, how-

ever, the preliminary issue was whether appellant was entitled to policy benefits as a member of her father's household. That issue was resolved in appellant's favor, at which point, the jury was instructed to address the negligence-liability issue and, if it found appellant to have suffered damages in consequence of the negligence of the unidentified motorist, to award appellant compensation.

On the latter issue, the jury found against appellant. Apart from the fact that appellant suffered an adverse jury verdict, no reason is advanced to support a conclusion that appellant was prejudiced by a decision from this jury which had already accepted her position on the policy coverage question. The argument that another jury in another court would have reached a different result or that other evidence might have been admitted is shear speculation and of no weight or value.

Appellant also contends that respondent filed the declaratory judgment suit in bad faith for the sole purpose of defeating appellant's strategy of bringing her suit for damages in the federal court. It suffices to say that there is no evidence in this record to support such a charge and appellant has made no effort to substantiate the claim. In fact, the record shows a stipulation between the parties to hold appellant's federal court suit in abeyance pending resolution of the policy coverage question. Such is not indicative of any bad faith or forum shopping.

The judgment is affirmed.

All concur.