PREFERRED PHYSICIANS MUTUAL MANAGEMENT GROUP, INC., Appellant,

v.

PREFERRED PHYSICIANS MUTUAL RISK RETENTION GROUP, et al., Respondent,

GERALD F. TUOHY MANAGEMENT SERVICES, INC., Gerald F. Tuohy, M.D., and Edward C. Mills, Defendants,

v.

Dr. Steven F. KANTER, Third-Party Defendant.

No. WD 50505.

Missouri Court of Appeals, Western District.

Dec. 26, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1996.

Application to Transfer Denied March 26, 1996.

---

James M. Yeretsky, Brian G. Boos, Yeretsky & Maher, Kansas City, for appellant.

Thomas S. Stewart, Douglas R. Dalgleish and J. Michael Stradinger, Lathrop & Norquist, Kansas City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

Preferred Physicians Mutual Management Group, Inc. (Management Company), appeals from an order granting partial summary judgment in favor of Preferred Physicians Mutual Risk Retention Group (Insurance Company), on a claim for declaratory relief. Because the allegations of the Insurance Company's claim for declaratory relief fail to state a claim upon which relief can be granted, the judgment of the trial court is reversed and the cause is remanded.

In the late 1980s, the Management Company and Insurance Company formed a business arrangement to provide medical malpractice insurance for anesthesiologists. The parties entered into a service contract whereby the Management Company agreed to perform operational services for the Insurance Company in exchange for monetary compensation. The relationship between the parties later deteriorated due to conflicts in management issues. Several members of the Insurance Company's board of directors started to question the fees paid to the Management Company. In February, 1994, the board of directors of the Insurance Company voted to terminate payment of certain fees under the service contract. The Management Company then filed suit against the Insurance Company, Edward C. Mills, Gerald F. Tuohy, M.D., and Gerald F. Tuohy Management Services, Inc.[1]

The Management Company's first amended petition sought relief on seven counts: Count I—Specific Performance; Count II—Breach of Contract; Count III—Breach of Fiduciary Duty; Count IV—Tortious Interference with Contract; Count V—Negligence; Count VI—Misappropriation; Count VII—Civil Conspiracy. The Insurance Company's second amended answer alleged that the contract was terminable at the will of either party because it was of indefinite duration. This allegation was also asserted as an affirmative defense to Counts I, II, IV and VI of the Management Company's first amended petition.

The Insurance Company also filed a six count counterclaim. Subpart b of the first count of the counterclaim sought the trial court's declaration that the contract between the parties was of indefinite duration and therefore terminable at will by either party. The Insurance Company moved for partial summary judgment "on Count 1b of its Counterclaims Against Plaintiff Preferred Physicians Mutual Management Group, Inc." The trial court granted Insurance Company's motion and entered a declaration that "the alleged Service contract is a contract of in-

definite duration and is therefore terminable at the will of either party." The court certified its order as final and appealable, finding no just reason for delay. *See* Rule 74.01(b). This appeal followed.

The Management Company presents four points on appeal, alleging the trial court erred in granting partial summary judgment because 1) the service contract was of perpetual duration; 2) the contract was of definite duration; 3) there are genuine issues of material fact as to whether the Insurance Company has waived or is estopped from contesting the duration of the contract; 4(a) the court disregarded evidence concerning the parties' intent that the contract not be terminable at will and 4(b) the Management Company was not provided sufficient time to complete discovery.

■ This court need not reach the merits of the Management Company's points on appeal because the trial court abused its discretion in granting declaratory relief on Count 1b of the Insurance Company's counterclaim, in that Count 1b fails to state a claim upon which relief can be granted. The Management Company does not challenge the sufficiency of Count 1b. However, the issue is inherent in every appeal and may be raised *sua sponte* by the reviewing court. *Adkisson v. Director of Revenue*, 891 S.W.2d 131, 132 (Mo. banc 1995); *Grippe v. Momtazee*, 696 S.W.2d 797, 798 (Mo. banc 1985).

■ Under § 527.010, RSMo 1994, of the Declaratory Judgment Act, trial courts have the power "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." The trial court is afforded wide discretion in administering the Act. *City of St. Louis v. Crowe*, 376 S.W.2d 185, 189 (Mo.1964). An action pursuant to the Declaratory Judgment Act is *sui generis*, neither legal nor equitable, but its historical affinity is equitable and such actions are governed by equitable principles. *Gottlieb v. LaBrunerie*, 514 S.W.2d 27, 31 (Mo.App.1974). The Declaratory Judgment Act has the purpose of affording relief from

---

1. Mr. Mills, Dr. Tuohy, and Gerald F. Tuohy Management Services, Inc. are not parties to this appeal.

uncertainty and insecurity, *Pollard v. Swenson*, 411 S.W.2d 837, 841 (Mo.App.1967), and of reducing the multiplicity of litigation. *Nations v. Ramsey*, 387 S.W.2d 276, 280 (Mo. App.1965).

■ The Declaratory Judgment Act is not to be invoked where an adequate remedy already exists. *King Louie Bowling Corp. of Mo. v. Mo. Ins. Guar. Ass'n*, 735 S.W.2d 35, 38 (Mo.App.1987). For the purpose of this rule, an adequate remedy exists if the plaintiff could assert the issues sought to be declared as a defense in an action brought by the defendant. *J.H. Fichman Co., Inc. v. City of Kansas City*, 800 S.W.2d 24, 27 (Mo. App.1990); *Polk County Bank v. Spitz*, 690 S.W.2d 192, 194 (Mo.App.1985).

The Missouri Supreme Court has recognized a distinction between those alternative remedies which are pending or imminent, and those which are more uncertain:

> "Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary to appear as an equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action. But where the facts do not show such imminence of suit, or where there is a practical ground for permitting a party ... to claim and obtain exoneration from a judicial proceeding, there is no reason why the courts should not take cognizance"—of a declaratory action covering the same issues.

*State v. Terte*, 351 Mo. 1089, 176 S.W.2d 25, 30 (banc 1943) (quoting Borchard, Declaratory Judgments (2 ed.) p. 303); *State Farm Fire & Cas. Co. v. Powell*, 529 S.W.2d 666, 669 (Mo.App.1975).

■ The rule barring the use of declaratory relief when an adequate remedy exists is especially applicable where the issues sought to be declared have been asserted as a defense in the same litigation. *O'Meara v. New York Life Ins. Co.*, 237 Mo.App. 409, 169 S.W.2d 116, 122 (1943). In *O'Meara*, this court held that a declaratory judgment counterclaim "has no place" in a case where identical facts have been set up as a defense to the plaintiff's cause of action. *Id.*, 169

S.W.2d at 122. The court noted that "[t]he remedy by a declaratory judgment can not be made a substitute for all existing remedies and should be used with caution." *Id.*

■ The situation here is analogous to that in *O'Meara*. The Insurance Company raised the issue of the duration of the contract not only as a counterclaim for declaratory relief but also as a defense to the plaintiff's breach of contract and specific performance claims. As noted by the Missouri Supreme Court in *Terte*, 176 S.W.2d at 30, it "serves no sensible end" to allow a defendant to seek a declaration by the trial court that he has a meritorious defense to the pending action. The purpose of the Declaratory Judgment Act in reducing the multiplicity of litigation is not advanced when a defendant is allowed to utilize declaratory relief even though an adequate alternative remedy exists.

This limitation on the trial court's ability to entertain a declaratory judgment claim must be applied with the recognition that the trial court has considerable discretion in administering the Declaratory Judgment Act. *Millers Mut. Ins. Ass'n v. Babbitt*, 790 S.W.2d 944, 946 (Mo.App.1990). In *Millers*, an insurance company obtained a declaration that the victim of a car accident was not entitled to benefits under the company's policy. *Id.* at 945. This court held the trial court did not err in failing to dismiss the declaratory judgment action, even though the issue of policy coverage could have been raised in a suit brought by the victim for recovery under the policy. *Id.* at 946–47. The court stated that it was "no ground for reversible error that the trial court exercised its discretion to entertain the declaratory judgment action." *Id.* at 947.

■ Although *Millers*, 790 S.W.2d 944, is correct that trial courts are afforded wide discretion in applying the provisions of the Declaratory Judgement Act, the case should not be read to preclude appellate review of the decision to entertain a declaratory judgment suit. The trial court's exercise of discretion in applying the provisions of the Declaratory Judgment Act must be sound, based on good reason, and calculated to serve the purposes for which the legislation was

enacted, particularly to provide relief from uncertainty and insecurity. *Crowe*, 376 S.W.2d at 189; *Terte*, 176 S.W.2d at 28; *Mo. Property Ins. Placement Facility v. McRoberts*, 598 S.W.2d 146, 148 (Mo.App.1978). Whether a trial court abused its discretion depends on the circumstances of each case. *O'Meara*, 169 S.W.2d at 122.

In *Terte*, 176 S.W.2d at 30, the Missouri Supreme Court set forth the factors to consider in proceeding with a declaratory judgment action. Although *Terte* addressed the discretion afforded a trial court in staying relief in a suit for declaratory judgment, its principles apply to the situation here. *Powell*, 529 S.W.2d at 669. The considerations in the exercise of discretion include public policy and interest, efficiency, convenience, economy, the good or bad faith of the party bringing the declaratory judgment action, and whether the trial court's administration of the Declaratory Judgment Act served the purposes for which the legislation was enacted. *Terte*, 176 S.W.2d at 28, 30.

The trial court's declaration that the contract is of indefinite duration and therefore terminable at the will of either party does not fully resolve any uncertainty under the facts of this litigation. The duration of the agreement is merely one issue of the Insurance Company's defense to the Management Company's breach of contract and specific performance claims, and the trial court's ruling does not resolve either of those claims. The determination to entertain the Insurance Company's claim for declaratory relief does not serve the public policy and interest, as it does not promote economy, efficiency, or the Declaratory Judgment Act's purpose of reducing the multiplicity of litigation. *Terte*, 176 S.W.2d at 30. Furthermore, these factors are not advanced by allowing a defendant to bring a counterclaim for declaratory relief even though the same allegations are raised as a defense. *See O'Meara*, 169 S.W.2d at 122. No doubt the parties and the trial court felt there would be some utility in having the advice of this court on the issue of the duration of the agreement. However, to do so would defeat the very purpose of the Declaratory Judgment Act.

Under the circumstances of this case, the trial court erred by ruling on Count 1b of the Insurance Company's declaratory judgment counterclaim. When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action. *Harris v. State Bank and Trust Company of Wellston*, 484 S.W.2d 177, 178–79 (Mo.1972). Because Count 1b of Insurance Company's counterclaim fails to state a claim upon which relief can be granted, this court need not address the Management Company's four points on appeal. The trial court's order granting the Insurance Company's motion for partial summary judgment is reversed and the cause is remanded for further proceedings.

All concur.