Harry K. GEORGE, Plaintiff–Appellant,

v.

William G. BREWER and Janice A. Brewer, Defendants–Respondents.

No. 23777.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 29, 2001.

Michael H. Maguire, Johnson, Montgomery & Maguire, Cape Girardeau, for appellant.

Mark J. Lanzotti, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondents.

PHILLIP R. GARRISON, Presiding Judge.

Harry K. George ("Plaintiff") filed a petition seeking a declaratory judgment as to the validity and enforceability of a time restriction contained in a non-compete clause of a contract. The trial court dismissed Plaintiff's petition, and Plaintiff appeals.

Plaintiff sold a pharmacy business, formerly known as Hedges Pharmacy, to William and Janice Brewer ("Defendants") on June 28, 1995. The agreement provided for a non-compete clause, which had a spatial restriction to Mississippi County and a time restriction of ten years after the date of closing.

On September 2, 1999, Plaintiff filed a petition for declaratory judgment, asking the trial court to determine whether or not the time restriction contained in the contract was reasonable and ought to be enforced, or if the trial court ought to limit the covenant to some other reasonable time restriction. In response to the motion, Defendants filed a motion to dismiss, asserting that the petition failed to state a claim for which relief could be granted, or, in the alternative, for a judgment on the pleadings, claiming that a ten-year restriction was presumptively reasonable.

On September 14, 1999, counsel for the parties argued the motion to dismiss, and the trial court took the matter under advisement. On November 9, 1999, the trial court initially overruled Defendants' motion to dismiss. Defendants later renewed their motion to dismiss. At that time, in his supplemental response to the motion to dismiss, Plaintiff submitted three affidavits, one from himself and two from individuals who had previously been involved in selling pharmacies, that stated that a five-year restriction was sufficient to protect the interests of the buyer. Defendants filed a motion to strike the affidavits. After the argument on June 13, 2000, in which the trial court took the affidavits as true in making its ruling, judgment was entered for Defendants, dismissing the action. Plaintiff appeals from that judgment.

In his first point on appeal, Plaintiff contends that the trial court erroneously applied the law in granting Defendants' motion to dismiss because the trial court was required to deny the motion unless it appeared that there was no set of facts which would entitle Plaintiff to relief.

 "When reviewing the trial court's grant of a motion to dismiss, we look to

determine if the facts as pleaded and the reasonable inferences drawn therefrom state any ground for relief." *Arnold v. American Family Mut. Ins. Co.*, 987 S.W.2d 537, 539 (Mo.App. W.D.1999). In assessing the sufficiency of a petition, we accept all properly pleaded facts as true, give them a liberal construction, and draw all reasonable inferences which are fairly deducible from the pleaded facts. *Id.*

■ Here, Plaintiff requests declaratory relief. Section 527.010 [1] ("the Declaratory Judgment Act") authorizes a party to seek a declaratory judgment to establish the rights, status, and duties of parties so as to avoid loss and encourage settlement of disputes before litigation. *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo.App. W.D.2001). The trial court is afforded wide discretion in administering the Declaratory Judgment Act. *Preferred Physicians Mut. v. Risk Retention Group*, 916 S.W.2d 821, 824 (Mo.App.W.D.1995). The trial court's exercise of discretion in applying the provisions of the Declaratory Judgment Act must be sound, based on good reason, and calculated to serve the purposes for which the legislation was enacted. *Id.* at 824–25.

■ For any action filed under the Declaratory Judgment Act to be proper there must be a justiciable controversy. *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 128 (Mo. banc 2000). A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination. *Missouri Health Care Ass'n v. Attorney General of the State of Missouri*, 953 S.W.2d 617, 620 (Mo. banc 1997). "The petition must present a 'real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation.'" *Akin v. Director of Revenue*, 934 S.W.2d 295, 298 (Mo. banc 1996) (quoting *City of Jackson v. Heritage Sav. & Loan Ass'n*, 639 S.W.2d 142, 144 (Mo.App. E.D.1982)).

■ In the instant case, the record shows that Plaintiff entered into a contract to sell his pharmacy to Defendants, and as part of that agreement, Plaintiff agreed to a non-compete clause that prohibited him from operating a pharmacy in Mississippi County for ten years. Plaintiff acknowledges that he signed this agreement with Defendants, and that he was paid $35,000. Plaintiff now argues, however, that a "controversy exists between the parties concerning the validity and enforceability of the agreement" in that the ten-year restriction is contrary to the reasonable and customary amount of time generally applied to the sale of pharmacies. His petition, however, did not plead facts supporting his claim of a controversy with Defendants.

■ Plaintiff has not presented a justiciable controversy. Plaintiff is seeking an advisory opinion on a speculative or hypothetical situation that may or may not come to pass, i.e. that he would open a pharmacy in Mississippi County, that he would do so within ten years, and that Defendants would seek to prevent it. "A declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass." *American Tobacco Co.*, 34 S.W.3d at 128. There must be a "ripe controversy" which is one of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 241 (Mo. banc 2001). *See also Muth v. Board of Regents of Southwest Missouri State*

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

*Univ.,* 887 S.W.2d 744, 751 (Mo.App. S.D. 1994) ("The existence of a justiciable controversy is essential before a court may exercise its jurisdiction in response to a petition for declaratory judgment," and "[t]here must be a sufficiently complete state of facts presenting issues ripe for determination."). No such controversy is pleaded here.

■ Where there is no justiciable controversy, it is an abuse of discretion for the trial court to undertake a declaratory judgment action. *City of Springfield v. Events Publ'g Co., L.L.C.,* 951 S.W.2d 366, 370 (Mo.App.S.D.1997). Here, no justiciable controversy existed. Therefore, the trial court properly exercised its discretion in granting Defendants' motion to dismiss. Because we find that there was no justiciable controversy, we need not consider Plaintiff's other point on appeal. The judgment of the trial court is affirmed.

PREWITT, J., and PARRISH, J., concur.