Roger PARSHALL d/b/a Parshall
Concrete, Plaintiff/Respondent,

v.

Doyle O. BUETZER and Green Hills
Insurance Service, L.L.C., Defendants
and Third–Party Plaintiffs/Appellants,

v.

Employers Mutual Casualty Company,
Third–Party Defendant/Respondent.

No. WD 61586.

Missouri Court of Appeals,
Western District.

Nov. 18, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 23, 2003.

Zel M. Fischer, Rock Port, MO, for Respondent Parshall.

Thomas R. Larson, David E. Larson, and Jimmy E. Allen, Jr., Kansas City, MO, for Appellants.

Steven Martin Aaron, Shirley Ward Keeler, and Kirsten A. Roth, Kansas City, MO, for Respondent Employers Mutual Casualty Company.

Before LOWENSTEIN, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Roger Parshall (Parshall), d/b/a Parshall Concrete, filed a petition in tort for damages in the Circuit Court of Harrison County, alleging that Doyle O. Buetzer, an independent insurance agent, and his employer, Green Hills Insurance Company, L.L.C. (referred to collectively as Agent), negligently failed to procure casualty insurance from Employers Mutual Casualty Company (Insurance Company) for a portable concrete plant owned by Parshall, which was destroyed in a storm. In response to Parshall's lawsuit, Agent, pursuant to the Declaratory Judgment Act, § 527.010–.130,[1] filed a third-party petition for a declaratory judgment against Insurance Company, seeking a declaration of the circuit court that Insurance Company was contractually obligated to provide insurance for the concrete plant.

Parshall filed a motion for partial summary judgment on the issue of Agent's liability on Parshall's claim for negligent failure to procure insurance, which was granted. Agent and Insurance Company filed competing motions for summary judgment on Agent's declaratory judgment action. The trial court granted Insurance Company's motion and denied Agent's. A jury trial ensued on the sole issue of Pars-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

hall's damages, resulting in a verdict awarding him $209,277.59 in compensatory damages. Agent appeals from the trial court's judgment granting Parshall's and Insurance Company's summary judgment motions and denying its motion. Agent also appeals from the trial court's judgment entered on the jury's verdict awarding Parshall damages.

Dismissed, in part, and reversed and remanded, in part.

## Facts

Parshall owned and operated a number of concrete plants. In 1997, he entered into an insurance broker/client relationship with Agent, pursuant to which Agent procured coverage from Insurance Company for a number of Parshall's plants.

On March 25, 1998, Buetzer visited Parshall's concrete plant located in Tarkio, Missouri. At the time, Parshall was in Oklahoma, dismantling a newly acquired portable plant for transport to Phelps City, Missouri. Parshall's wife talked with Buetzer during his visit and asked him to procure coverage on the new plant. Mrs. Parshall told Buetzer that Parshall needed the coverage to be effective in time to cover transport of the concrete plant from Oklahoma to Missouri. She told Buetzer that she did not know any particulars about the plant, just that it was a portable concrete plant. Buetzer advised Mrs. Parshall that he was binding coverage for the plant, but he would need the plant's serial number, brand, and value. According to Buetzer, he told Mrs. Parshall to have her husband get back to him with the information. According to Mrs. Parshall, however, Buetzer advised her that he would contact Parshall for the information. In any event, Buetzer and Parshall did talk by telephone on March 30, 1998, but it is unclear whether the information Buetzer had requested was discussed.

As provided in the "Agency–Company Agreement (Agreement)" between Agent and Insurance Company, Agent was to "[f]orward copies of all binders, policies, certificates and endorsements issued by the Agent, or otherwise notify the Company of all liability accepted, not later than the third succeeding business day following the inception date of such coverage." In addition, Insurance Company's "Current Instructions to Agents," which were incorporated by reference into the Agreement, provided that Insurance Company "must receive written notice within three business days after the date the property and/or casualty coverage was first bound." Contrary to this provision, Agent did not notify Insurance Company of the binder on the cement plant until April 29, 1998, one day after the newly acquired plant was destroyed in a storm, and Buetzer contacted Insurance Company about the loss. On April 30, 1998, Insurance Company sent a letter to Parshall by certified mail, in which it denied coverage on the newly acquired plant.

On January 25, 1999, Parshall filed a petition in the Circuit Court of Harrison County, alleging that Agent negligently failed to procure insurance coverage on the new plant with Insurance Company. On February 25, 1999, Agent filed its answer, raising the affirmative defense of comparative negligence. On August 17, 2001, Agent filed a third-party petition against Insurance Company, seeking a declaratory judgment "that insurance coverage exists on the destroyed portable concrete plant."

On December 31, 2001, Agent filed a motion for summary judgment on Agent's third-party petition for declaratory judgment against Insurance Company. The motion alleged that Agent had actual and apparent authority to bind Insurance Company's coverage of the destroyed concrete plant, despite Agent's failure to inform

Insurance Company within the three-day deadline specified in the Agreement. On February 21, 2002, Parshall filed a motion for partial summary judgment on the issue of Agent's liability to Parshall for negligent failure to procure insurance. On February 25, 2002, Insurance Company filed a motion for summary judgment on Agent's declaratory judgment action. In its motion, Insurance Company alleged that Agent did not have either actual or apparent authority to enter into a binding insurance contract on behalf of Insurance Company without providing notice within the three-day period specified in the Agreement.

On April 15, 2002, the trial court granted Parshall's motion for partial summary judgment on the issue of liability, leaving the issue of damages for a jury trial. On the same date, the trial court also entered summary judgment for Insurance Company on Agent's third-party petition for declaratory judgment and denied Agent's motion. In disposing of the summary judgment motions in the declaratory judgment action, the trial court concluded that the record did not support a finding that Agent had actual authority to bind Insurance Company without timely notice to Insurance Company, and that Agent's claim of apparent authority failed as a matter of law.

On March 26, 2002, the case proceeded to trial on the sole issue of damages as to Parshall's tort claim against Agent. The jury returned a verdict awarding Parshall $209,277.59 in compensatory damages, which the trial court entered judgment thereon.

This appeal followed.

## I. Agent's Declaratory Judgment Action Against Insurance Company

Agent raises six points on appeal. Point I claims error with respect to the trial court's granting of Parshall's partial motion for summary judgment on his petition for damages. Point II claims error with respect to the denial of Agent's motion for summary judgment and the grant of Insurance Company's on Agent's petition for declaratory judgment as to coverage. In Point III, Agent claims error with respect to the issue of whether Agent admitted that "it did not have actual authority to bind insurance coverage for more than three days." Point IV claims error with respect to the grant of Parshall's partial summary judgment motion on the issue of Agent's affirmative defense of comparative fault. Finally, in Points V and VI, Agent claims error with respect to the trial court's judgment on the jury's verdict awarding damages to Parshall.

Before addressing the merits of Agent's points on appeal, we first must address whether the trial court abused its discretion in failing to dismiss Agent's third-party petition for declaratory judgment for failing to state a claim upon which relief can be granted, as provided in Rule 55.27(a)(6).[2] *Preferred Phy. Mut. v. Risk Ret. Group,* 916 S.W.2d 821, 823 (Mo. App.1995). This issue is inherent in every appeal and may be raised, *sua sponte,* by the reviewing court. *Id.; Adkisson v. Dir. of Revenue,* 891 S.W.2d 131, 132 (Mo. *banc* 1995). This is because the failure to state a claim on which relief can be granted essentially deprives the trial court of subject matter jurisdiction and, thus, the authority to rule on the plaintiff's petition, *Adkisson,* 891 S.W.2d at 132; and, if the trial court lacked subject matter jurisdiction to rule, we necessarily have no jurisdiction to review the court's ruling on the

2. All rule references are to Missouri Rules of Civil Procedure, 2003, unless otherwise indicated.

merits. *Stone v. Stone,* 393 S.W.2d 201, 204 (Mo.App.1965). Thus, there is raised the threshold jurisdictional question as to whether Agent's third-party petition for declaratory judgment, given its most liberal interpretation and according it all reasonable inferences deducible from the facts alleged, states a cause of action so as to vest the trial court with jurisdiction to grant relief on Agent's petition, *Adkisson,* 891 S.W.2d at 132, and thereby vest us with jurisdiction to review the court's ruling thereon.

■■■ While we recognize that the trial court is vested with discretion in applying the provisions of the Declaratory Judgment Act, the exercise of that discretion "must be sound, based on good reason, and calculated to serve the purposes for which the legislation was enacted." *Preferred,* 916 S.W.2d. at 824–25. The Declaratory Judgment Act is not to be invoked where an adequate remedy already exists. *Id.* at 824. For purposes of this rule, an adequate remedy exists if the defendant could assert the issues sought to be declared as a defense in an action brought by the plaintiff. *Id.* "Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary to appear as an equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action." *Id.* (*quoting State v. Terte,* 351 Mo. 1089, 176 S.W.2d 25, 30 (Mo. *banc* 1943)).

■■ The rule barring the use of declaratory relief when an adequate remedy already exists is especially applicable where the issues sought to be declared have been asserted as a defense in the same litigation. *Id.* A declaratory judgment has no place in a case where identical facts have been set up as a defense to the plaintiff's cause of action. *Id.* Such is the case here where in Agent's answer to Parshall's petition, he stated that "[f]or further answer, [Agent] states that the plaintiff [Parshall] is covered under the Employer's Mutual policy." The issue of coverage by Insurance Company was obviously raised by Agent as a defense to Parshall's claim against Agent for negligent failure to procure insurance in that, as we discuss, *infra,* for Parshall to succeed on his claim, he was required to plead and prove that a contract of insurance covering the concrete plant was not in effect at the time of the claimed loss.

An added reason for finding that the trial court abused its discretion in ruling on Agent's petition for declaratory judgment against Insurance Company can be found in the fact that Agent's third-party petition was not permitted, in the first instance, by Rule 52.11, governing third-party practice. Rule 52.11(a) provides, in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party.

As stated by the Missouri Supreme Court:

> The basis of a third-party action [under Rule 52.11] is a common liability to the plaintiff, in whole or in part. Where there is no common liability ... no contribution can be obtained. The same would be true of partial indemnity. The test of the propriety of third-party impleader is whether the third party is liable as a guarantor, surety, insurer or indemnifier of the principal defendant.

*State ex rel. Baldwin v. Gaertner,* 613 S.W.2d 638, 640 (Mo. *banc* 1981). Inasmuch as the only way Agent could be held liable to Parshall on his claim for negligent failure to procure insurance from Insurance Company would be if it were found

that Agent failed to procure insurance from Insurance Company insuring the concrete plant, it is factually impossible for Insurance Company to be liable to Agent for Parshall's tort claim against Agent, as required by Rule 52.11, such that Agent's third-party petition for declaratory judgment should not have been allowed in any event.

Procedurally, Agent could have defended Parshall's claim by presenting evidence showing that coverage was, in fact, obtained from Insurance Company for the concrete plant, as agreed, without impleading the Insurance Company. And, if coverage was found in Parshall's tort action against Agent, relieving Agent of any liability for failure to procure insurance as agreed, the burden of establishing Insurance Company's liability for Parshall's alleged loss would fall to Parshall in a subsequent contract action against Insurance Company. In any event, the fact remains that Agent attempted to use the Declaratory Judgment Act in a manner not permitted.

Because the trial court's summary judgment rulings on Agent's declaratory judgment action against Insurance Company were a nullity, the judgment that remains to be reviewed on its merits is the trial court's judgment granting Parshall's motion for partial summary judgment on his claim against Agent for negligent failure to procure insurance for the concrete plant and awarding damages thereon, entered in accordance with the jury's verdict. Hence, Agent's Point II, challenging the trial court's rulings on Agent and Insurance Company's motions for summary judgment on Agent's declaratory judgment action, is moot, leaving Points I, and III–VI.

## I.

In Point I, Agent claims that the trial court erred in sustaining Parshall's motion for partial summary judgment on the issue of liability as to his petition for negligent failure to procure insurance from Insurance Company because on the material facts pled in his motion he did not make a *prima facie* case for partial summary judgment, as he failed to allege material facts establishing each and every proof element of his claim. Specifically, Agent claims that Parshall did not make a *prima facie* case in that his motion did not allege material facts establishing that Agent failed to procure casualty insurance from Insurance Company covering Parshall's concrete plant, as agreed.

To be entitled to summary judgment under Rule 74.04, Parshall had to show that: (1) there was no genuine dispute as to the material facts on which he relies for summary judgment; and (2) based on those facts, he was entitled to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). As the claimant, to make a *prima facie* case for summary judgment on his claim against Agent for negligent failure to procure insurance from Insurance Company for the concrete plant, Parshall was required to plead uncontroverted material facts, establishing each and every proof element of his claim. Rule 74.04(c)(1); *ITT Commercial Fin.*, 854 S.W.2d at 381. In addition, inasmuch as Agent pled the affirmative defense of comparative negligence, Parshall had the additional burden of establishing that the affirmative defense failed as a matter of law by pleading undisputed material facts establishing that any one of the facts necessary to support the defense was absent. *ITT Commercial Fin.*, 854 S.W.2d at 381.

In *Zeff Distributing Co. v. Aetna Cas. & Sur. Co.*, 389 S.W.2d 789, 795 (Mo. 1965), the Missouri Supreme Court held that "a broker or agent who, with a view to compensation for his services, undertakes to procure insurance for another, and, un-

justifiably and through his fault or neglect, fails to do so, will be held liable for any damage resulting therefrom" (*citing* 29 Am.Jur. 561, Insurance, § 163 and Couch on Insurance 2d, § 25:37). An insurance agent or broker who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance. *Manzella v. Gilbert–Magill Co.,* 965 S.W.2d 221, 225 (Mo.App.1998). Thus, to succeed on his claim of negligent failure to procure insurance from Insurance Company, Parshall was required to plead and prove: (1) that Agent agreed to procure, for compensation, insurance from Insurance Company covering the concrete plant; (2) that Agent failed to procure the agreed-upon insurance, and in doing so, failed to exercise reasonable care and diligence; and (3) damage resulted therefrom. Given these proof elements of his claim, Parshall, as the claimant, in order to make a *prima facie* case for partial summary judgment on his claim for negligent procurement of insurance, had to allege, *inter alia,* uncontroverted material facts, with specific references to the pleadings, discovery, exhibits, or affidavits, establishing that Agent failed to procure insurance on the concrete plant from Insurance Company, as agreed. Rule 74.04(c)(1); *ITT Commercial Fin.,* 854 S.W.2d at 381. Based on the pleadings and discovery, it is clear that Agent was defending Parshall's claim on the basis that it had, in fact, procured or bound coverage for the concrete plant from Insurance Company in accordance with the provisions of the Agreement, which governs Agent's authority to bind Insurance Company for coverage. Thus, for Parshall to make a *prima facie* case for partial summary judgment against Agent on the issue of liability, he had to allege material facts in his motion demonstrating that Agent had failed to procure coverage from Insurance Company *in accordance with the Agreement.* That he did not do.

In his motion for partial summary judgment, Parshall alleged that he was notified by Insurance Company that there was "no coverage for the ... concrete plant." Logically, however, a denial of coverage by an insurer is not the same as a failure to procure insurance. Parshall alleged no facts in his motion to demonstrate that Agent failed to comply with the provisions of the Agreement in binding coverage such that it was error for the trial court to grant Parshall's motion for partial summary judgment, which relied, in part, on Agent's negligent failure to procure coverage on the portable concrete plant from Insurance Company, as agreed.

■ Given our disposition of Point I, we need not review Agent's Points III and IV, attacking the trial court's grant of Parshall's motion for partial summary judgment, leaving Points V and VI, attacking the jury's verdict for damages on Parshall's claim. With respect to those points, it is fundamental that a determination of liability is a prerequisite to a finding of damages, such that an award of damages cannot survive independent of the accompanying determination of liability. *Robinson v. State Highway & Transp. Comm'n,* 24 S.W.3d 67, 81 (Mo.App.2000). Because the trial court's partial summary judgment in favor of Parshall on the issue of Agent's liability was improper, the award of damages premised upon that liability cannot stand. Consequently, we must reverse the trial court's judgment on the jury verdict awarding Parshall $209,277.59 in compensatory damages on his claim for negligent failure to procure insurance.

### Conclusion

The appeal of the trial court's grant of Insurance Company's summary judgment motion on Agent's Declaratory Judgment action and the denial of Agent's motion thereon is dismissed for a lack of jurisdic-

tion. The judgment of the trial court granting the partial summary judgment motion of Parshall on his claim against Agent for negligent failure to procure insurance from Insurance Company and awarding damages of $209,277.59 thereon, in accordance with the jury's verdict, is reversed, and the case remanded to the court for further proceedings in accordance with this opinion.

LOWENSTEIN, P.J., and SMART, J., concur.