**PLANNED PARENTHOOD OF KANSAS and Mid–Missouri, Inc., Appellant,**

v.

**Margaret DONNELLY, et al., Respondents.**

**No. WD 69749.**

Missouri Court of Appeals, Western District, En Banc.

July 31, 2009.

Application for Transfer to Supreme Court Denied Sept. 22, 2009.

Application for Transfer Denied Dec. 22, 2009.

Jennifer Sandman, for Appellant.

James Layton, for Respondent.

Before Court En Banc:  THOMAS H. NEWTON, Chief Judge, HAROLD L. LOWENSTEIN, Judge, JAMES E. SMART, JR., Judge, JOSEPH M. ELLIS, Judge, VICTOR C. HOWARD, Judge, LISA WHITE HARDWICK, Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

Planned Parenthood of Kansas and Mid–Missouri, Inc. ("Planned Parenthood") appeals from a summary judgment entered in favor of the Director of the Missouri Department of Health and Senior Services, the Attorney General of Missouri, and the Prosecuting Attorney of Jackson County, Missouri (together, "Respondents") on Planned Parenthood's petition for declaratory judgment seeking interpretation of a Missouri statute pertaining to licensing of abortion facilities.

Missouri's "Ambulatory Surgical Center Licensing Law," §§ 197.200 to 197.240, RSMo ("the Act") regulates facilities that provide general ambulatory surgical services, birthing services, and abortion services. Facilities that fall under the definition of an "ambulatory surgical center" must be licensed by the Department of Health and Senior Services, § 197.205, RSMo 2000, and operation of an unlicensed ambulatory surgical center is a Class A misdemeanor, with every violation constituting a separate offense. § 197.235, RSMo 2000. Prior to 2007, an "ambulatory surgical center" was defined as a facility "operated primarily for the purpose of performing surgical procedures." § 197.200, RSMo 2000. In 2007, the Missouri General Assembly adopted H.B. 1055, which amended certain statutes and adopted new sections concerning abortion. See 2007 Mo. Laws 559. In pertinent part, H.B. 1055 expanded the definition of an "ambulatory surgical center" to include "any establishment operated for the purpose of performing or inducing any second or third trimester abortions or five or more first trimester abortions per month." § 197.200, RSMo Cum.Supp.2008 ("the Amendment"). The Amendment took effect on August 28, 2007.

Planned Parenthood operates numerous health-care clinics, including the Brous Center in Kansas City, Missouri. In addition to general reproductive health care services, the Brous Center provides first-trimester "medication abortion" services using Mifepristone ("RU–486"), which the FDA authorized in 2000. The Brous Center does not provide any surgical services. Shortly after the adoption of H.B. 1055, Planned Parenthood sought clarification from Respondents as to whether the Brous Center was required to be licensed under the amended version of § 197.200. On July 31, 2007, Respondents replied that the Brous Center would have to obtain a license and comply with the regulations pertaining to ambulatory surgical centers in order to continue providing medication abortion services. See 19 C.S.R. 30–30.010–.110.

On August 20, 2007, Planned Parenthood brought suit in the U.S. District Court for the Western District of Missouri, seeking a declaration that the amended version of § 197.200 violates the U.S. Constitution and a permanent injunction barring enforcement of the Amendment against the Brous Center and other facilities not at issue in the case at bar. See Planned Parenthood of Kan. & Mid–Mo., Inc. v. Drummond, No. 07–4164 (W.D.Mo. Sept. 7, 2007). The district court held a preliminary evidentiary hearing and, after briefing and arguments, on September 24, 2007, entered a preliminary injunction enjoining enforcement of the Amendment against Planned Parenthood based, in part, on its determination that "[t]he Act's application to medication abortions likely violates both the Due Process and Equal Protection Clauses" of the federal constitution. The court declined to exercise its discretion to stay the case pending a determination by Missouri state courts as to whether the Amendment applies to facilities that provide only medication abortions, reasoning that it was

highly unlikely that the Amendment would be construed not to apply to facilities that provide only medication abortions.[1] Indeed, in generally rejecting Planned Parenthood's construction of the statute, the court ruled that "[a]t the very least, the statute is broad enough to include medication abortion." Planned Parenthood did not challenge the denial of its request for abstention. The court set a trial date and ordered the parties to participate in mediation, which is ongoing.

Nonetheless, on October 22, 2007, Planned Parenthood filed the instant action in the Circuit Court of Jackson County, seeking a declaration that the Act does not require facilities that provide only medication abortion and perform no surgical procedures to be licensed as ambulatory surgical centers and seeking a permanent injunction restraining the enforcement of the Act against any of its facilities that provide only medical abortion services. Planned Parenthood notified the court of the pending federal action and the nature of its claims in that suit.

■ Planned Parenthood and Respondents each filed motions for summary judgment as to the construction of the Amendment. Planned Parenthood argued that the Amendment was unambiguous and should be construed not to apply to facilities that provide only medication abortion services. Respondents argued that the Amendment unambiguously ap-

plied to such facilities. Respondents also asserted that summary judgment was appropriate because the state court action was duplicative of the pending federal action and was barred by the doctrine of abatement,[2] as well as by the fact that Planned Parenthood had an adequate remedy at law in federal court and, therefore, declaratory relief was inappropriate. After briefing and a hearing, the circuit court denied Planned Parenthood's motion for summary judgment and granted the State's motion without specifying its reasoning. This appeal follows.

"Appellate review of the grant of summary judgment is de novo." *Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 297 (Mo.App. W.D.2006). "Summary judgment is appropriate only when the record demonstrates that there are no genuine disputes regarding material facts and that the moving party is entitled to judgment as a matter of law." *Lewis v. Biegel,* 204 S.W.3d 354, 356 (Mo.App. W.D. 2006) (internal quotation omitted). Where "the points on appeal do not indicate a factual dispute, but instead center on whether the [movant] was entitled to judgment as a matter of law, ... the propriety of summary judgment is purely an issue of law and no deference is afforded to the circuit court's judgment." *Christian County v. Edward D. Jones & Co., L.P.,* 200 S.W.3d 524, 527 (Mo. banc 2006).

---

1. The U.S. Supreme Court held in *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), that "federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Haw. Housing Auth. v. Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). "However, federal courts need not abstain on *Pullman* grounds when a state statute is not fairly subject to an interpretation which will render unnecessary adjudica-

tion of the federal constitutional question." *Id.* (internal quotation omitted).

2. Respondents also refer to the doctrine of prior jurisdiction, but that doctrine is inapplicable to the facts at hand. The prior jurisdiction doctrine "provides that, as between two municipalities competing for the same territory, the one undertaking the first 'valid step' toward annexation has priority." *City of St. Joseph v. Village of Country Club,* 163 S.W.3d 905, 907 (Mo. banc 2005).

Where, as in this case, the circuit court does not specify its rationale for granting a motion for summary judgment, the court "is presumed to have based its decision on the grounds specified" in the motion. *Cent. Mo. Elec. Co-op. v. Balke,* 119 S.W.3d 627, 635 (Mo.App.2003). As noted above, Respondents asserted two independent grounds for summary judgment: (1) the Amendment unambiguously applies to facilities that provide only medication abortion services, and (2) the pending federal action involving the same parties and the same issues bars the state court action under the doctrine of abatement and, furthermore, Planned Parenthood has an adequate remedy at law making declaratory relief inappropriate.

Planned Parenthood brings three points on appeal. In Point I, it contends that the circuit court erred in granting Respondents' motion for summary judgment to the extent that it construed the Amendment to apply to facilities that only provide medication abortion services. It asserts in Point II that the court erred in granting the motion to the extent that it found that the state court action was barred by the prior pending federal court action under the doctrine of abatement or because the federal action was an adequate legal remedy. In its final point, Planned Parenthood argues that the court erred in denying its motion to strike several of Respondents' motions. We will address Point II, which is dispositive to the appeal.

■■■ "Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *HTH Cos., Inc. v. Mo. Dep't of Labor & Indus. Relations,* 154 S.W.3d 358, 361 (Mo.App. E.D.2004); *see also Kel-*

*ly v. Kelly,* 245 S.W.3d 308, 314 (Mo.App. W.D.2008) ("The abatement doctrine technically does not apply unless the issues are the same, and the alignment and identity of the parties is identical."). "The court in which the claim is first filed acquires exclusive jurisdiction over the matter." *HTH Cos.,* 154 S.W.3d at 362. "[I]n order for the abatement doctrine to apply, the *object and purpose* of the two actions, including the principles of law raised, must be the same." *Id.*

■■ "Missouri courts have long held that the declaratory relief power does not abolish or provide an additional existing remedy but instead addresses a deficiency or bridges a superfluity in the law." *Van Dyke v. LVS Bldg. Corp.,* 174 S.W.3d 689, 692 (Mo.App. W.D.2005). "The declaratory judgment power is not to be invoked where an adequate remedy already exists." *Id.* (internal quotation omitted); *see also Lane v. Lensmeyer,* 158 S.W.3d 218, 223 (Mo. banc 2005) ("An action for declaratory judgment is inappropriate when the issue can be raised by some other means."). "[W]here [the] alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." *Am. Family Mut. Ins. Co. v. Nigl,* 123 S.W.3d 297, 302 (Mo.App. E.D.2003).

■ Planned Parenthood insists that the federal court action is not duplicative of its state court action and the doctrine of abatement does not bar the instant action because it sought resolution of different issues of law in the two cases. It asserts that it did not ask the federal court to interpret the Amendment but, rather, challenged the constitutionality of the Amendment as applied to the Brous Center. It notes that the federal court stated in a footnote that it was free to seek resolution in state court of the issue of whether the Amendment applies to facilities that pro-

vide only medication abortion services. Similarly, Planned Parenthood contends that the pending federal court action does not show that it has an adequate legal remedy because the federal court is not allowed to construe the Amendment under Missouri state law. We disagree.

Planned Parenthood cites *Reproductive Health Services of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 185 S.W.3d 685 (Mo. banc 2006), and *State v. Reproductive Health Services of Planned Parenthood of St. Louis Region, Inc.*, 97 S.W.3d 54 (Mo.App. E.D.2002), as examples of cases where Missouri state courts ruled on statutory construction where a related federal case concerning the constitutionality of the statute was pending. However, in both of those cases, the federal courts granted a *Pullman* abstention and stayed the proceedings pending the state court's interpretation of the statute. *See Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1142 (8th Cir.2005); *State v. Repro. Health Servs. of Planned Parenthood of St. Louis Region, Inc.*, 97 S.W.3d at 57. As noted above, the district court found that a *Pullman* abstention was inappropriate under the facts in the case at bar because it was highly unlikely that a Missouri state court would construe the statute not to apply to facilities that provide only medical abortion services, and in reaching that conclusion, it specifically ruled that "[a]t the very least, the statute is broad enough to include medication abortion."

■ Although Planned Parenthood specifically requested the state court to construe the statutory language, it pointed to the federal court's prior determination that the Amendment was likely unconstitutional if applied to facilities that provide only medication abortion services as one of the primary reasons for construing the statute

not to apply to such facilities. In both the federal and state court actions, Planned Parenthood alleged the same facts concerning the same parties, and it argued that the statute did not apply to facilities that provide only medication abortion services based, at least in part, on constitutional arguments. The facts, issues, object, parties, and purpose of both cases are the same. "One of the purposes of the Declaratory Judgment Act is to reduce litigation," and "[a]llowing two suits with the same purpose would run contrary to the purpose of the Act." *People ex rel. Small v. Harrah's N. Kansas City Corp.*, 24 S.W.3d 60, 66 (Mo.App. W.D.2000) (holding that plaintiff who filed suit in federal court could not later file a declaratory judgment petition in state court "making allegations substantially similar to those made in federal court" and seeking resolution of "primarily the same issues").

As noted *supra*, under *Pullman*, *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), and related cases, a litigant may generally be entitled to assert federal constitutional challenges to a state statute in federal court, while reserving the right to litigate in state court whether the statute can be construed to avoid the constitutional issue. However, in this case, as discussed earlier, the district court refused to stay the federal action to permit Planned Parenthood to litigate its state-law claims in state court. In doing so, the court found that abstention was inappropriate under *Hawai'i Housing Authority v. Midkiff*, 467 U.S. 229, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984), indicating its view that § 197.200 "is not fairly subject to an interpretation which will render unnecessary adjudication of the federal constitutional question." 467 U.S. at 236, 104 S.Ct. 2321 (internal quotation omitted). The declaration Planned Parenthood seeks in this

state action is, at a minimum, in tension with the federal court's reliance on *Hawai'i Housing Authority* to deny *Pullman* abstention. Further, despite Planned Parenthood's best efforts to maintain a strict separation between the issues it raised in the federal and state courts, by denying a stay, the district court defeated Planned Parenthood's efforts to keep the actions distinct. This is so because under the district court's ruling on the abstention issue, that court *will be* definitively determining whether § 197.200 applies to the Brous Center, the exact issue on which Planned Parenthood seeks a declaration here.

We remain fully cognizant of the right of Missouri courts to interpret Missouri laws and that such interpretations are binding and conclusive on federal courts. *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983) ("We are bound to accept the Missouri court's construction of that State's statutes."); *Parker v. Scott,* 394 F.3d 1302, 1319 (10th Cir.2005) (quoting *Chapman v. LeMaster,* 302 F.3d 1189, 1196 (10th Cir.2002)) (" '[T]he [state] courts' interpretation of the state ... statute is a matter of state law binding on this court.' "); *Galindo v. ARI Mut. Ins. Co.,* 203 F.3d 771, 775 (11th Cir.2000) ("Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law."). Nonetheless, in the posture of this case, where Planned Parenthood first brought its action in federal court and that court held extensive preliminary proceedings and entered interlocutory rulings to the effect that the statute Planned Parenthood now asks this court to interpret is not susceptible of an interpretation that will render it unnecessary for the federal court to adjudicate the federal constitutional issues, we decline Planned Parenthood's be-

lated invitation to needlessly insert ourselves into the previously filed and pending federal court litigation. Therefore, the circuit court properly dismissed the action as being duplicative and barred by the doctrine of abatement, as well as the fact that Planned Parenthood has an existing adequate remedy in federal court.

The circuit court's judgment is affirmed in all respects.

All concur.