Paul C. Wilson, Judge, dissenting.
DISSENTING OPINION
Section 571.070.1(1), RSMo Supp. 2013, forbids felons from knowingly possessing firearms. In State v. Clay , 481 S.W.3d 531, 538 (Mo. banc 2016), this Court held this statute could be enforced against a nonviolent felon without violating his state constitutional right to bear arms. Jack Alpert, a nonviolent felon who has yet to be threatened with prosecution for possessing firearms, now seeks a declaration that the executive branch cannot enforce this statute against him in the future without violating his state and federal constitutional rights to bear arms. To maintain this declaratory judgment action, Alpert must show there is a justiciable controversy and he has no adequate remedy at law. Foster v. State , 352 S.W.3d 357, 359 (Mo. banc 2011). Alpert failed to carry this burden, and his action should be dismissed. Accordingly, I respectfully dissent.
Justiciability
"A declaratory judgment is not a general panacea for all real and imaginary legal ills." Mo. Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10, 25 (Mo. banc 2003). A declaratory judgment should not be used to decide "hypothetical or speculative situations that may never come to pass." Id. Instead, there must be:
(1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, "consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief;" (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.
Id. In the context of a declaratory judgment action, there is "[n]o principle ... more fundamental to the judiciary's proper role in our system of government" than the requirement of a justiciable controversy. Clapper v. Amnesty Int'l USA , 568 U.S. 398, 408, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013). If the judiciary does not exercise restraint and confine itself to deciding those disputes that traditionally have been the business of the courts, it necessarily enlarges its own power and can more easily interfere with the workings of the political branches. Id.
"In the context of a constitutional challenge to a statute, a ripe controversy generally exists when the state attempts to enforce the statute." Mo. All. for Retired Ams. v. Dep't of Labor and Indus. Relations, 277 S.W.3d 670, 677 (Mo. banc 2009) (quotation marks omitted). At a minimum, the party challenging the validity of a statute before its enforcement against him must show some likelihood of a "threatened *603 application of the statute" by the executive branch. Labrayere v. Bohr Farms, LLC , 458 S.W.3d 319, 333 (Mo. banc 2015) ; see also Susan B. Anthony List v. Driehaus , --- U.S. ----, 134 S.Ct. 2334, 2342, 189 L.Ed.2d 246 (2014) (a party seeking pre-enforcement declaratory relief must "allege[ ] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and [prove] a credible threat of prosecution ") (emphasis added) (citation and quotation marks omitted). Even in such cases, the facts necessary to adjudicate the underlying claims must be developed fully and the law being challenged must already be "affecting the plaintiff[ ] in a manner that [gives] rise to an immediate, concrete dispute." Mo. Health Care Ass'n v. Attorney Gen. of the State of Mo. , 953 S.W.2d 617, 621 (Mo. banc 1997).
Here, there is no evidence Alpert currently possesses firearms or likely will be threatened with prosecution if he does. Nor do these propositions appear to be self-evident. As a young man, Alpert was twice convicted of nonviolent felonies involving the sale of drugs. He was punished, learned from his mistakes, and-by all accounts-made himself an extremely productive member of society. Tragically, at the age of 65, Alpert now suffers from stage four renal cancer. Assuming he were to come to possess the firearms he says he desires,[1] and assuming further that such possession came to the attention of law enforcement, a prosecutor would have to exercise his or her discretion before seeking to lock up an elderly man suffering from cancer. Such cases are the reason why prosecutors have broad "discretion to determine when, if, and how criminal laws are to be enforced." State v. Honeycutt , 96 S.W.3d 85, 89 (Mo. banc 2003). At the very least, the facts in this case fall far short of a likelihood of "threatened application of the statute" against Alpert. Labrayere , 458 S.W.3d at 333. Because Alpert failed to carry this burden, his case should have been dismissed. Farmer v. Kinder , 89 S.W.3d 447, 451 (Mo. banc 2002).[2]
Adequate Remedy
Assuming for the sake of argument Alpert's controversy is justiciable, i.e., that the risk of prosecution is "immediate" and "concrete," Alpert nevertheless cannot pursue a declaratory judgment action because he has an adequate remedy at law. Mo. Soybean Ass'n, 102 S.W.3d at 26. The fact that Alpert can assert his constitutional claims as a defense to any prosecution under section 571.070.1(1) is an adequate remedy and bars a claim for declaratory judgment.
*604 Schaefer v. Koster , 342 S.W.3d 299, 300 (Mo. banc 2011) ;[3] see also Tupper v. City of St. Louis , 468 S.W.3d 360, 376-77 (Mo. banc 2015) (Wilson, J., dissenting). To be sure, this Court has been lax from time to time in enforcing this "adequate remedy at law" requirement, but such deviations only can be justified-if it all-when there are "exceptional circumstances" that "plainly appear[ ]" from the facts of the case. Harris v. State Bank & Tr. Co. of Wellston , 484 S.W.2d 177, 178-79 (Mo. 1972). Alpert fails to explain why his controversy is so exceptional that this Court should depart from its general rule forbidding declaratory judgment actions when the plaintiff can assert his constitutional claims as a defense in the event he is prosecuted under the statute at issue.
Conclusion
Alpert lacks standing to seek a declaratory judgment as to the constitutional validity of section 571.070.1(1) because he has shown no likelihood this statute will be enforced against him. Even if he had shown such a likelihood, Alpert would have an adequate remedy at law in that he could assert his constitutional claims as a defense to such a prosecution. Accordingly, I would dismiss this action.

Rule 84.04(d)(1) provides: "The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action ], because [state the legal reasons for the claim of reversible error ], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error ].' "

If the rules need to be amended or modified, this Court has the constitutional authority to do so. State ex rel. St. Charles Cty. v. Cunningham , 401 S.W.3d 493, 500 (Mo. banc 2013) (Fischer, J., dissenting).

The court of appeals has followed this rule faithfully. See, e.g., Van Dyke v. LVS Bldg. Corp. , 174 S.W.3d 689, 692 (Mo. App. 2005) ; Shelter Mut. Ins. Co. v. Vulgamott , 96 S.W.3d 96, 103 (Mo. App. 2003) ; Preferred Physicians Mut. Mgmt. Grp., Inc. v. Preferred Physicians Mut. Risk Retention Grp. , 916 S.W.2d 821, 824 (Mo. App. 1995) ; J.H. Fichman Co. v. City of Kan. City , 800 S.W.2d 24, 27 (Mo. App. 1990) ; Polk Cnty. Bank v. Spitz , 690 S.W.2d 192, 194 (Mo. App. 1985) ; State Farm Fire & Cas. Co. v. Powell , 529 S.W.2d 666, 669 (Mo. App. 1975). Hopefully, it will continue to do so even in the wake of this decision.