

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| WILLIE HAMPTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | **WD84925** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **March 28, 2023** |
| YVONNE A. LLEWELLYN, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Janette K. Rodecap, Judge**

**Before Division Three:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Cynthia L. Martin, Judges

Ms. Yvonne Llewellyn ("Llewellyn") appeals from the judgment entered by the

Circuit Court of Jackson County, Missouri ("trial court"), awarding Mr. Willie Hampton

("Hampton"), possession of the real property located at 6836 Prospect Avenue, Kansas

City, Missouri (the "Premises"), on his Petition for Unlawful Detainer. We affirm.

## Factual and Procedural Background[1]

On November 18, 2011, Hampton leased the Premises to Llewellyn for a term of

---

[1] "In the appeal of [a] bench-tried case, the appellate court views the facts in the light most favorable to the trial court's judgment." *Schaffer v. Howard*, 624 S.W.3d 379, 381 n.1 (Mo. App. W.D. 2021) (internal quotation marks omitted).

two years pursuant to a rental agreement, which agreement also granted Llewellyn an option to purchase the Premises. When the rental agreement and corresponding purchase option expired, Hampton and Llewellyn orally agreed that she could continue to lease the Premises as a month-to-month tenant. In 2020, Llewellyn offered to purchase the Premises from Hampton for $65,000. Hampton orally advised Llewellyn that he would sell the Premises to her for $65,000 if the sale was consummated by April 20, 2021. However, their oral agreement was never reduced to writing, and no purchase of the Premises by Llewellyn was ever consummated. Thus, Llewellyn remained a tenant in a month-to-month tenancy with her lessor, Hampton.

On May 27, 2021, Hampton caused a notice of termination of the month-to-month tenancy to be sent to Llewellyn by certified mail, return receipt requested, and by regular mail. The letter notified Llewellyn that her "occupancy and/or tenancy at 6836 Prospect Ave., Kansas City, Missouri, is hereby terminated, effective as of 11:59 p.m., on the 30th day of June, 2021."

Llewellyn did not vacate the Premises. Instead, on July 1, 2021, Llewellyn filed a three-count Petition for Damages against Hampton and La Sha Consulting Inc. (two counts of breach of contract and one count of tortious interference). The gravamen of Llewellyn's claims was that Hampton, in bad faith, reneged on an oral agreement to sell the Premises to her.

On August 2, 2021, Hampton filed his Complaint in Unlawful Detainer, alleging that he had terminated the month-to-month tenancy and had demanded that Llewellyn vacate, surrender, and deliver possession of the Premises to him on or before June 30,

2

2021, pursuant to a termination notice duly served on May 28, 2021, but despite that notice, Llewellyn had refused to vacate, surrender, and deliver possession of the Premises to him and had unlawfully and willfully detained the Premises. Llewellyn filed a motion to dismiss on October 10, 2021, asserting that because she filed her cause of action involving the Premises before Hampton filed his unlawful detainer action, and because her previous action was still pending, the trial court did not have jurisdiction to hear the unlawful detainer case. The trial court denied Llewellyn's motion to dismiss.

On October 21, 2021, a bench trial on Hampton's unlawful detainer complaint was held, at which Hampton and Llewellyn testified. The trial court then entered its Judgment for Unlawful Detainer, ordering that Hampton have restitution of the Premises found to have been unlawfully detained by Llewellyn.

Llewellyn timely appealed.

**Standard of Review**

On appeal of a bench-tried case, the "judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *ROH Farms, LLC v. Cook*, 572 S.W.3d 121, 125 (Mo. App. W.D. 2019). "'Where a misapplication of the law is asserted, our review is *de novo*.'" *Stephens v. Mikkelsen*, 519 S.W.3d 437, 440 (Mo. App. W.D. 2017) (quoting *Jackson v. Mills*, 142 S.W.3d 237, 240 (Mo. App. W.D. 2004)).

3

"While *Murphy v. Carron* dictates this Court review the circuit court's judgment to determine if it 'erroneously declares the law . . . [or] erroneously applies the law,' erroneous declaration or application of the law is not itself sufficient to justify reversal." *Lollar v. Lollar*, 609 S.W.3d 41, 47 (Mo. banc 2020) (citation omitted). "This Court will find reversible error only when it materially affects the merits of the action with a 'firm belief that the decree or judgment is wrong.'" *Id.* (quoting *Murphy*, 536 S.W.2d at 32). "In other words, a party must not only demonstrate error but also show prejudice." *Id.* (citing *Murrell v. State*, 215 S.W.3d 96, 109-10 (Mo. banc 2007)).

## Analysis[2]

Llewellyn asserts two points on appeal. In her first point, she contends that the trial court erred in entering judgment in favor of Hampton because his unlawful detainer action filed after Llewellyn's lawsuit related to the same transactions and occurrences as

___

[2] Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), this Court will affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. Llewellyn fails, in each of her points relied on, to specify which *Murphy v. Carron* ground she believes the judgment violates. "In order to comply with the rules of appellate procedure in Rule 84.04, a point on appeal must proceed under one of the *Murphy v. Carron* grounds, each of which requires a distinct analytical framework." *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mtg. Inv. Tr. 2006-3 v. Luna*, 655 S.W.3d 820, 826 n.3 (Mo. App. W.D. 2022) (internal quotation marks omitted). "If a point on appeal fails to identify which one of the *Murphy v. Carron* grounds applies, Rule 84.04 directs us to dismiss the point." *Id.* (internal quotation marks omitted); *see* Rule 84.04(d)(1) (requiring that a point relied on state concisely the legal reasons for the claim of reversible error). "We do have discretion to review non-compliant briefs *ex gratia* when the argument is readily understandable." *Luna*, 655 S.W.3d at 826 n.3 (internal quotation marks omitted). In this case, we choose to exercise that discretion to substantively review Llewellyn's appeal under the *Murphy v. Carron* ground alleging that a judgment erroneously applied the law, which we discern from the argument portion of her brief is Llewellyn's actual claim of trial court error.

4

Llewellyn's lawsuit. In her second point, she asserts trial court error relating to her claim of superior title to the Premises under an implied contract for sale of the Premises. We will address Point I, which is dispositive to the appeal.

**Point I**

In Llewellyn's first point, she argues that the prior jurisdiction doctrine prohibited the trial court from proceeding on the merits of Hampton's case. The doctrine of prior jurisdiction is, however, inapplicable to the facts underlying this case. "The prior jurisdiction doctrine 'provides that, as between two *municipalities* competing for the same territory, the one undertaking the first "valid step" toward annexation has priority.'" *Planned Parenthood of Kansas v. Donnelly*, 298 S.W.3d 8, 11 n.2 (Mo. App. W.D. 2009) (quoting *City of St. Joseph v. Vill. of Country Club*, 163 S.W.3d 905, 907 (Mo. banc 2005) (emphasis added)).

Llewelyn's argument is more properly denominated as "abatement." "Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *Id.* at 12 (internal quotation marks omitted); *Jeschke AG Serv., LLC v. Bell*, 652 S.W.3d 305, 312 (Mo. App. W.D. 2022). "'The abatement doctrine technically does not apply unless the issues are the same, and the alignment and identity of the parties is identical.'" *Id.* (quoting *Kelly v. Kelly*, 245 S.W.3d 308, 314 (Mo. App. W.D. 2008)). "The court in which the claim is first filed acquires exclusive jurisdiction over the matter." *Id.* (internal quotation marks omitted). "[I]n order for the abatement doctrine to

apply, the *object and purpose* of the two actions, including the principles of law raised, must be the same." *Id.* (internal quotation marks omitted). Here, as we explain in our ruling, the object and purpose of the two subject actions simply are not the same.

Llewellyn's petition for damages was filed July 1, 2021, against La Sha Consulting Inc. and Hampton. She asserted two counts of breach of contract for defendants' refusal to sell the Premises to her. "The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Fuller v. Partee*, 540 S.W.3d 864, 871 (Mo. App. W.D. 2018) (internal quotation marks omitted). She also asserted one count of tortious interference with a contract for "Hampton call[ing] off the sale [of the Premises] thereby interfering with [Llewellyn's] ability to operate her restaurant." The elements of a claim for tortious interference with a contract or business expectancy include: "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct." *Reed v. Curators of Univ. of Mo.*, 509 S.W.3d 816, 828 (Mo. App. W.D. 2016) (quoting *Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 796 S.W.2d 369, 372 (Mo. banc 1990)).

Hampton's complaint in unlawful detainer was filed August 2, 2021, against Llewellyn. "Unlawful detainer proceedings are governed by section 534.030."[3] *Espinosa, Tr. of Melissa K. Espinosa Revocable Tr. v. Baker*, 631 S.W.3d 631, 635 (Mo. App. W.D. 2021). In pertinent part, section 534.030.1 states:

> When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person . . . and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer."

"Section 534.200 limits the substantive scope of unlawful detainer actions," *Brown as Tr. of George E. Heard Revocable Tr., Dated February 24, 2000 v. Barnes*, 641 S.W.3d 241, 247 (Mo. App. W.D. 2021), and provides that: "**The complainant** shall not be compelled to make further proof of the forcible entry or detainer than that he **was lawfully possessed of the premises**, **and** that **the defendant** unlawfully entered into and detained or **unlawfully detained the same**." (Emphasis added.) "This fundamental limitation is underscored by section 534.210, which states: 'The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter.'" *Id.* "'[S]tatutory unlawful detainer actions do not, cannot, and never were intended to resolve questions of ownership or the validity of title. Instead, these actions resolve only the immediate right to possession and, then, only

---

[3] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

7

between the parties to the case.'" *Id.* (quoting *Wells Fargo Bank, N.A. v. Smith*, 392 S.W.3d 446, 456 (Mo. banc 2013)).

Llewellyn's attempt in this unlawful detainer proceeding to assert equitable defenses relating to an alleged enforceable oral agreement to purchase the Premises is identical to the defendant's argument in *Bach v. McGrath*, 982 S.W.2d 734 (Mo. App. E.D. 1998). In response to the attempt to assert such an alleged enforceable oral agreement to purchase the premises which were the subject of the unlawful detainer proceeding, the *Bach* court stated:

> As correctly stated by Plaintiffs in this [unlawful detainer proceeding], Defendant's theories are equitable defenses which may not appropriately be advanced in an unlawful detainer action. There is no written agreement signed by the Plaintiffs to sell the real estate in question. Defendant appears to concede this issue, but attempts to bring his case outside the Statute of Frauds by essentially arguing he has an enforceable oral contract. However, such arguments are simply equitable contentions. While Defendant may prevail on such arguments [in a separate suit] for specific performance, he cannot raise them as defenses to an unlawful detainer action. Issues related to title or matters of equity may not be interposed as defenses in an unlawful detainer action. Unlawful detainer actions are summary proceedings where the sole issue in contention is the immediate right of possession. The limited scope of an unlawful detainer action requires a separate equitable suit for Defendant's claims.

*Id.* at 736 (numerous internal citations omitted).

Similarly, here, we make no conclusions about the veracity or legal effect of Llewellyn's separate claims seeking to enforce an alleged oral agreement to purchase the Premises. However, that issue of title must proceed in the separately filed lawsuit asserted by Llewellyn—not in this unlawful detainer proceeding.

Clearly, then, the issues in Llewellyn's breach of contract and tortious interference action are *not* the same as the issue in Hampton's statutory unlawful detainer action.

8

Hence, "the *object and purpose* of the two actions, including the principles of law raised," are not the same. *Donnelly*, 298 S.W.3d at 12. Accordingly, the abatement doctrine does not apply, and the trial court did not err in denying Llewellyn's motion to dismiss and entering judgment in favor of Hampton and against Llewellyn on Hampton's petition for unlawful detainer.

Point I is denied. And, since Llewellyn's second point on appeal improperly raises a claim relating to the merits of the title to the Premises in an unlawful detainer proceeding, which exceeds the scope of an unlawful detainer proceeding, we need not and do not address Point II.

## Conclusion

The trial court's judgment is affirmed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Cynthia L. Martin, Judge, concur.

9